**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roosevelt Arthur Williams, | No. CV-19-00597-TUC-DCB |
| Petitioner, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Respondents. | |

This matter was referred to Magistrate Judge D. Thomas Ferraro, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). He issued a Report and Recommendation (R&R) on October 6, 2020. (Doc. 13.) He recommends that the Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied and dismissed. The Court follows the recommendation of the Magistrate Judge, denies the Petition, and dismisses the case.

STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d

1114, 1121-22 (9th Cir.2003) (*en banc*).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also*, Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed.

REPORT AND RECOMMENDATION

The Honorable D. Thomas Ferraro, United States Magistrate Judge, considered two claims raised in habeas. In Ground One, Petitioner claims that he is actually innocent of charges and due to ineffective assistance of counsel at trial, DNA evidence from the victim's fingernails was not run through CODIS, which would have identified an unknown third party. Additionally, there were bloody fingerprints that were not identified. In Ground Two, the Petitioner alleges that a juror lied to the court about knowing someone connected to the case, and his attorney inappropriately handled the situation of questioning this deliberating juror. Additionally, the Petitioner claims ineffective assistance of appellate counsel for failing to raise a claim of ineffective assistance of trial counsel in Petitioner's direct appeal.

The Magistrate Judge found that Ground One was exhausted in the state courts, but the ineffective assistance of trial counsel claim fails on the merits under *Strickland v. Washington,* 466 U.S. 668 (1984). (R&R (Doc. 13) at 15-19.) The Magistrate Judge found the Petitioner failed to exhaust Ground Two in the Arizona Court of Appeals and these claims are procedurally barred. *Id.* at 6-10 (citing *Coleman v. Thompson*, 501 U.S 722, 731-32 (1991); *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005); *Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir. 1999). The Magistrate Judge found that the Petitioner presented no new evidence to make the threshold showing of actual innocence to excuse the procedural default of Ground Two. *Id.* at 11-12 (citing *United States v. Frady*, 456 U.S. 152, 170 (1982); *Schlup v. Delo*, 513 U.S. 298, 329 (1995). The Court agrees with the Magistrate Judge that the evidence at trial was sufficient to support the jury's verdict of guilt. *Id.* at 13.

> For example, evidence was presented that Petitioner lived with the victims decomposing bodies for approximately four (4) days; a towel was placed under the door leading to the room where the victims' bodies were decomposing in an apparent effort to alleviate the stench of decomposition; the air conditioning in the victims' home was turned down very low in an apparent attempt to slow the rate of the bodies' decomposition; there was blood all over the house; some of the victims' property was pawned by Petitioner; and there was testimony that Petitioner told people who inquired as to the victims' whereabouts that the victims had gone out of town. (Doc. 12-4 at 31; Doc. 12-6 at 16- 25.)

*Id.* at 13.

The parties entered into a stipulation that was read to the jury to inform it that there was a possibility of a third party's DNA under the victims' fingernails and some evidence had not been examined for DNA. *Id.* at 12.

The Court agrees with the Magistrate Judge's conclusion:

> In light of the trial court record of blood spatter throughout the house, Petitioner's claim that there was a bloody fingerprint that were neither his nor the victims' is insufficient to meet the requirement that there is new evidence and that in light of this new evidence no juror, acting reasonably, would have found him guilty. *See Schlup, supra*. The record is silent on whether there was a bloody fingerprint that was not tested. Petitioner has not presented any evidence of a bloody fingerprint that was not tested in his Petition. Petitioner has not filed a reply.

*Id.* at 13.

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made.") To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); see also, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

Here, there are no objections and review has, therefore, been waived, but the Court, nevertheless, reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law.

*Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed de novo); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)). The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) (providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law). The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court denies the Petition and dismisses the case.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (Doc. 13) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DENIED, and the Petition is DISMISSED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 19th day of November, 2020.

David C. Bury
United States District Judge